UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:                                                                                              CASE NO.

**JAMES MICHAEL WATSON**                                                      **03-13355**

DEBTOR                                                                                         CHAPTER 7


### MEMORANDUM OPINION

Debtor James Michael Watson moves for leave to object to claims filed by Security Resources, L.L.C. ("Security") and Interface Security Systems, L.L.C. ("Interface"). Watson argues that he should be allowed to object to the claims, especially because the trustee has not yet objected to them. The Court will deny the debtor's motion.

Section 502(a) of the Bankruptcy Code provides that a proof of claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. §502(a). The Bankruptcy Code does not define the term *party in interest,* but the majority of courts considering the issue have held that only a trustee may object to proofs of claim in a chapter 7 case. *In re Thompson*, 965 F.2d 1136, 1147 (1st Cir. 1992); *In re I & F Corp.*, 219 B.R. 483, 484 (Bankr. S.D. Ohio 1998) (citations omitted). Indeed, it is the trustee's statutory duty to examine proofs of claim and object to improper claims. 11 U.S.C. §704(5). Ordinarily, "'the demands of orderly and expeditious administration have led to recognition that the right to object is generally exercised by the trustee.'" *In re I & F Corp.*, 219 B.R. at 485, quoting the advisory committee note to Bankruptcy Rule 3008.

Despite the general rule, in limited situations an individual debtor in a chapter 7 case may have standing to object to claims when the creditor can demonstrate one or more of the following:

> (1) the debtor ha[s] a pecuniary interest in the result by way of a demonstrable surplus; (2) the trustee failed or refused to object to the claim or claims in question; and/or (3) the debtor's objection would not undermine the efficient administration of the estate.

*In re Choquette*, 290 B.R. 183, 187 (Bankr. D. Mass. 2003) (surveying relevant case law addressing a debtor's standing to object to creditors' claims). Watson must demonstrate one of these factors in order to prove his standing to object to the claims of Security and Interface.

The schedules indicate that this will not be a surplus case, because the debtor's liabilities are greater that his assets, even without considering the claims of Security and Interface. Watson does not dispute this conclusion. Instead, he insists that he has a pecuniary interest in objecting to the claims because, if the claims are disallowed, Security and Interface will no longer be able to object to his discharge and the dischargeability of his alleged obligation to them. Therefore, Watson reasons that disallowing the Security and Interface claims will benefit him financially, and so confers standing to object to the claims. The jurisprudence does not support this interpretation of *pecuniary interest*.

The pecuniary interest necessary to confer standing to allow a chapter 7 debtor to object to claims is limited to situations in which the debtor actually has a chance to recover from a bankruptcy estate surplus. *See, e.g., Willemain v. Kivitz,* 764 F.2d 1019, 1022 (4th Cir. 1985) (only a solvent chapter 7 debtor has any standing in bankruptcy court

as a party in interest); *United States v. Jones*, 260 B.R. 416, 418 (E.D. Mich. 2000) (debtor with no hope of an estate surplus had no standing to object to claims); *Silverman v. Leucadia, Inc.*, 37 B.R. 200, 201 (S.D.N.Y. 1982) (only a debtor who demonstrated that claim disallowance would produce surplus for the estate had standing to object to a creditor's claim); *In re Woods*, 139 B.R. 876, 877 (Bankr. E.D. Tenn. 1992) (absent a surplus, the debtor's standing to object to claims is a "threat to judicial economy").

Watson's definition of *pecuniary interest* would permit every debtor to seek disallowance of the claims of a creditor that has objected to dischargeability or discharge. The debtor cites no authority for his position. Watson will have the opportunity to protect his interests in the adversary proceeding initiated by Security and Interface. In that lawsuit the plaintiffs must prove the existence of their claims against the debtor to have the debts declared non-dischargeable.[1] The adversary proceeding is the debtor's forum to dispute his liability to Security and Interface.

Nor has Watson proven that the trustee has failed or refused to object to the Security and Interface claims. He asserts that his counsel has brought to the trustee's attention the alleged basis for disallowance of Security's and Interface's claims, and that she has not responded to the information or filed objections to the claims. However, this does not prove that the trustee has failed or refused to object to the claims.

The Code and Rules impose no deadline for objections to claims in chapter 7 cases, at least before the trustee plans to make distributions to claimants. *Choquette*, 290 B.R. at 190, citing *In re Kolstad*, 928 F.2d 171, 174 (5th Cir. 1991). The trustee eventually may conclude, after weighing all relevant considerations, that she should

---

[1] In fact, the debtor already has raised the issue of Security's and Interface's lack of standing as a defense to both the discharge and dischargeability claims in adversary 04-1005.

3

object to the Security and Interface claims. The debtor has not shown that the trustee has formally refused to object or otherwise given her approval to the debtor's objection. *See Choquette*, 290 B.R. at 186 (debtor had standing given trustee's statements at the hearing that based on his investigation, he was not inclined to object to the creditor's claim); *In re Sun OK Kim*, 89 B.R. 116, 118 (D. Hawaii 1987) (leave of court given after trustee formally refused to object to claim could confer standing to object on debtor); *In re Savidge*, 57 B.R. 389, 392 (D. Del. 1986) (to uphold orderly administration of the estate, the trustee must be noticed and refuse to object before debtor can obtain court-ordered standing to object to creditor's claim); *In re Bakke*, 243 B.R. 753, 755 (Bankr. D. Ariz. 1999) (trustee's refusal to object to creditor's claim after debtor's request and application to court for leave to object were prerequisites to debtor's standing to object). Regardless, demand on the trustee is unnecessary at this time given the Court's conclusion that the adversary proceeding is the debtor's forum to attack the Security and Interface claims.

Finally, the debtor's motion did not directly address the third alternative set out in *Choquette*. Watson did argue that the trustee, who obtained permission to intervene in Security's and Interface's avoidance action,[2] is now aligned with those creditors and may be disinclined to object to their claims. The debtor argues from this that he is best positioned to pursue the objections.

Watson's complaint that the trustee has an actual or apparent conflict between the interests of the estate and the interests of Security and Interface is not persuasive, and does not necessarily follow from the trustee's intervention. Moreover, the debtor's prosecution of claim objections at the same time the trustee seeks to avoid transfers that

---

[2] In fact, the order granting the trustee leave to intervene in that avoidance action is not a final order since the Court granted the debtor's request for a rehearing on that ruling.

4

5

may bear upon the very same claims, creates the potential for unnecessary confusion and inefficiency in administering the estate.

For these reasons, the Motion for Leave for Debtor to File and Pursue Objections to Claims will be denied by separate order.

Baton Rouge, Louisiana, September 29, 2004.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE